## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| **MICHAEL BOATMAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20-cv-1248** |
| | ) | |
| **PEORIA AREA ASSOCIATION OF** | ) | |
| **REALTORS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Peoria Area Association of Realtors' ("PAAR") Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 15) and Plaintiff Michael Boatman's ("Boatman") Response (Doc. 16). For the reasons that follow, the Motion to Dismiss is GRANTED.

## JURISDICTION

This action arises under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101 *et seq*. This Court is vested with subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and § 1338(a) (copyright jurisdiction). Venue is proper under 28 U.S.C. § 1400(a).

## BACKGROUND[1]

Boatman is a professional photographer who contracted with multiple real estate agents in the Peoria and East Peoria, Illinois areas to photograph the interior and exterior of homes. Doc. 12, at 2-3. From 2012 to 2015, Boatman provided 1,216 copyrighted photographs to real estate

---

[1] Because the Court must accept all well-pleaded facts in the complaint as true, *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018), the facts necessary to resolve Defendant's Motion to Dismiss are drawn from Plaintiff's First Amended Complaint (Doc. 12).

agents pursuant to limited licenses granting the agents the right to use the photos to advertise and market the properties to prospective buyers during the term of the agents' listing agreements for those properties. *Id.*, at 2-4. The license Boatman provided to his real estate agent clients excluded the right to copy, display, or distribute the pictures after the applicable real estate listing was expired, withdrawn, or sold. *Id.*, at 9. Boatman's clients were members of PAAR and used PAAR's multiple listing service[2] ("MLS") to advertise and market properties. *Id.*, at 5. After Boatman delivered the photographs, the agents selected which ones to use and uploaded them to the MLS. *Id.*, at 7. The last photographs were uploaded to the MLS in 2016. *Id.* The listing information on the MLS was "fed" by internet data exchange feeds ("IDX") to real estate websites that displayed MLS listings on the internet. *Id.*, at 7, 10.

Boatman alleges that PAAR distributed the photographs without his authorization to a non-party, Move, Inc. ("Move"), which owns the website Realtor.com, and that Move displayed the pictures after the listings for the properties had closed. *Id.* at 10. PAAR had entered into an agreement on June 3, 1996, with non-party REALTORS Information Network ("RIN"), which previously owned and operated Realtor.com, relating to the display of PAAR's MLS database on Realtor.com ("RIN Agreement"). *Id.*, at 11; Doc. 15, at 25-31. Boatman alleges that "at some point," the RIN Agreement was transferred from RIN to Move. Doc. 12, at 11. The RIN Agreement permitted the owner or operator of Realtor.com to copy, display, or distribute information and photographs for real estate listings that had expired, been withdrawn, or sold. *Id.*

PAAR distributed the MLS database compilations, including Boatman's photographs, to Realtor.com pursuant to the RIN Agreement. *Id.* Boatman alleges that PAAR failed to police the

---

[2] A multiple listing service "compile[s] active real estate listings into a database for use by area realtors and brokers in connection with the sale, lease, and valuation of real property. The database allows realtors both to find properties for their clients and to share those properties via their own sites, ensuring real estate listings get the broadest possible exposure to online viewers." (Doc. 12, at 5) (citing *Stross v. Redfin Corp.*, 730 F. App'x 198, 200 (5th Cir. 2018)).

display of his pictures on Realtor.com after the listings closed and failed to ensure that the licenses granted to IDX feed recipients were supported by the licenses granted to it by the respective copyright owners. *Id*. Boatman never granted a license to Move, PAAR, or any realtors to use the pictures after the real estate listings had closed. *Id*., at 11-12. Boatman alleges that PAAR unilaterally granted rights to third parties that exceeded the scope of his licenses and that PAAR's volitional distribution of the pictures was the proximate cause of his loss. *Id*., at 12.

## PROCEDURAL HISTORY

On June 30, 2020, Boatman filed a Complaint against PAAR alleging copyright infringement in violation of 17 U.S.C. 101 *et seq.* Doc. 1. On September 14, 2020, PAAR filed a Motion to Dismiss Plaintiff's Complaint. Doc. 10. In response, Boatman filed his First Amended Complaint on September 28, 2020. Doc. 12. On October 13, 2020, PAAR filed a Motion to Dismiss Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Doc. 15. In the alternative, PAAR moves for the mandatory joinder of Move under Rule 19(a). *Id*. On October 27, 2020, Boatman filed a Response to the Motion to Dismiss. Doc. 16. This Opinion follows.

## LEGAL STANDARD

To survive dismissal pursuant to Rule 12(b)(6), the complaint must contain a short and plain statement of the plaintiff's claim sufficient to plausibly demonstrate entitlement to relief. FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff is not required to anticipate defenses or plead extensive facts or legal theories but must plead enough facts to present a story that holds together. *Twombly*, 550 U.S. at 570; *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). The court construes the

complaint in the light most favorable to the plaintiff, accepts all well-pleaded factual allegations as true, and draws all reasonable inferences from those facts in favor of the plaintiff. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018). The court need not accept as true the complaint's legal conclusions; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

PAAR argues this Court should dismiss Boatman's First Amended Complaint because (1) his claim is barred by the three-year statute of limitations; (2) he failed to state a claim against PAAR upon which relief can be granted; (3) the RIN Agreement did not grant Move the right to use Boatman's photos for any purpose other than advertising the properties for sale; (4) Boatman must either add Move as a necessary party or his claim must be dismissed; and (5) Boatman's claim against PAAR is barred by *res judicata*.

The Court's analysis begins and ends with whether Boatman's claim is barred by the statute limitations. The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claims accrued." 17 U.S.C. § 507(b). The Supreme Court has stated that a copyright claim arises or accrues when an infringing act occurs. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 670 (2014). "The Court noted that although copyright claims generally accrue when the infringing act occurs, most circuits "have adopted, as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period when 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for his claim.'" *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) (quoting *Petrella*, 572 U.S. at 670, n.

4). The Seventh Circuit recognizes a discovery rule in copyright cases. *Chicago Bldg. Design, P.C.*, 770 F.3d at 614. In light of *Petrella*, the Seventh Circuit noted that "we now know that the right question to ask in copyright cases is whether the complaint contains allegations of infringing acts that occurred within the three-year look-back period from the date on which the suit was filed." *Id*. at 616.

Boatman alleges that the 1,216 photographs at issue were taken from 2012 through 2015, and his clients last uploaded them to the MLS in 2016. Doc. 12, at 7. PAAR argues his claim "accrued" when the photographs were last uploaded to the MLS in 2016, and that his claim is barred by the statute of limitations under § 507(b) because he waited until 2020 to file his Complaint. Doc. 15, at 12-13. Boatman argues his claim is not time barred because it accrued when he actually discovered that PAAR distributed his photos to Move with greater usage rights than he had granted. Doc. 16, at 6. Boatman claims that he discovered PAAR's unauthorized distribution of his photographs to Realtor.com on September 12, 2017, when he received a copy of the RIN Agreement from PAAR during discovery in another lawsuit he was involved in. *Id*., at 10-11.

PAAR argues that Boatman discovered his claim well before 2017 because he previously filed identical claims against other defendants. For instance, Boatman filed a lawsuit in August 2016 in the Northern District of Illinois against Honig Realty, Inc., a real estate agency that employed realtors Boatman worked with. Doc. 15, at 13, 33-62; *Boatman v. Honig Realty, Inc.*, No. 16-8397 (N.D. Ill. Aug. 26, 2016). In that case, Boatman claimed that Honig "uploaded the Registered Photographs to Realtor.com knowing that it unlawfully granted rights in the Registered Photographs to Realtor.com under the Move Terms of Use that far exceeded the scope of the Limited License" that he granted to his real estate agent clients. Doc. 12, at 11-12; Doc. 15, at 47-48. Similarly, Boatman claimed that in order to feed a photograph through the MLS to

Realtor.com, a real estate agent "must first agree to the terms and conditions of the Peoria Area Association of Realtors' ('PAAR') Multiple Listing Service ('MLS') Rules and Regulations (the 'PAAR MLS Rules and Regulations') before uploading the photographs to PAAR's online 'portal,' which photographs are then published on Realtor.com." Doc. 15, at 48. Boatman attached the PAAR MLS Rules and Regulations as an exhibit to his complaint in *Honig*, just as he did in the present case. Doc. 12-5.

In a prior action he filed in this Court in 2017, he alleged that he knew as early as September 2015 that PAAR required "that realtors transfer copyrights of uploaded photographs to PAAR even though the agents do not have authority to do so." Doc. 15, at 68; *Boatman v. Kepple Premier Real Estate, LLC, et al.*, No. 17-1009 (C.D. Ill. Jan. 9, 2017). Boatman also alleged that in September 2016, he discovered that infringing copies of his photos with the PAAR watermark were being distributed on the PAAR MLS to Realtor.com and other similar websites. Doc. 15, at 69-70.

A motion to dismiss based on a failure to comply with the statute of limitations should be granted only where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Chicago Bldg. Design, P.C.*, 770 F.3d at 613-14 (quoting *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir. 2005)). Boatman alleges that the last photographs were uploaded to PAAR's MLS in 2016. Yet, he waited until 2020 to file his Complaint. Additionally, based on his previous lawsuits, this Court finds that Boatman knew well before receiving a copy of the RIN Agreement in September 2017 that PAAR required real estate agents to assign copyrights in the photos they uploaded to the MLS. Doc. 15, at 9-10. He also knew that his photos were being distributed through the MLS to Realtor.com in a manner that he believed exceeded the scope of the licenses he granted to the agents. *Id*. Therefore, this Court finds that Boatman's claim

against PAAR is barred by the three-year statute of limitations under § 507(b) and it need not address the remaining arguments in PAAR's Motion to Dismiss.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [15] is GRANTED and this case is dismissed.  This case is now TERMINATED.


Entered this 5th day of November, 2021.

s/ James E. Shadid
James E. Shadid
United States District Judge